| United States Bankruptcy Court District of Nevada | Proof of Claim |
|---|---|
| In re (Name of Debtor):<br>Shawn Snyder and Jenny Snyder | Case Number:<br>08-18956-LBR |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. ' 503.

☐ Check this box to indicate that this claim amends a previously filed claim.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-SL1 ITS SUCCESSORS AND/OR ASSIGNS

Court Claim Number: _____
(If known)
Filed on: _____

Name and Address Where Notices Should be Sent:
Litton Loan Servicing, L.P.
Bankruptcy Department
4828 Loop Central Drive
Houston, TX 77081-2226
(713) 960 9676

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Name and Address Where Payment Should be Sent (If different from above):
Litton Loan Servicing, L.P.
Bankruptcy Department
P. O. Box 4387
Houston, TX 77210-4387
(713) 960 9676

5. **Amount of claim Entitled to Priority under 11 U.S.C '507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.
Specify the priority of the claim.

1. **Amount of Claim at Time Case Filed:** $ 111,710.96*
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete item 5.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.
* This is an estimated figure and is not to be relied upon as a payoff statement.

2. **Basis for Claim:** __Money loaned (Real Estate Mortgage)_____

3. **Last four digits of any number by which creditor identifies debtor:** XXXX2186
   3a. Debtor may have scheduled account as: _____

4. **Secured Claim**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   **Nature of property or right of setoff:** ☒ Real Estate   ☐ Motor Vehicle   ☐ Other
   **Describe:**

   Value of Property: _____  **Annual Interest Rate** _10.875_ %

   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any $ 2,872.56  **Basis for perfection:** _Recorded Deed of Trust_____

   **Amount of Secured Claim:** $111,710.96*   **Amount Unsecured:** $_____

☐ Domestic support obligations under 11 U.S.C. ' 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier--11 U.S.C. ' 507(a)(4).

☐ Contributions to an employee benefit plan---11 U.S.C. ' 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use---11 U.S.C. ' 507(a)(7).

☐ Taxes or penalties owed to governmental units---11 U.S.C. ' 507(a)(8).

☐ Other--Specify applicable paragraph of -11 U.S.C. ' 507(a)_____.

6. **CREDITS:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **DOCUMENTS:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.

**Amount entitled to priority:**
$_____

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: 9/12/2008

FOR COURT USE ONLY

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
/s/

Alice A. Blanco/Karrollanne K. Cayce/John D. Schlotter/Michael J. McCormick/A. Michelle Hart/Matthew Dyer/Richard H. Siegel/Whitney Groff/Maria Tsagaris, Agent for Litton Loan Servicing, L.P. Its Successors and/or assigns , 1544 Old Alabama Road, Roswell, Georgia 30076, Telephone: 770-643-7200

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. ' '152 and 3571     LITT-08-21670

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA
LAS VEGAS DIVISION

IN RE:                                )
                                      )   CASE NO. 08-18956-LBR
Shawn Snyder                          )   CHAPTER 13
Jenny Snyder                          )   JUDGE Linda B. Riegle
                                      )

## EXHIBIT A

## ITEMIZATION OF CLAIM

Total Arrearage as of 8/11/2008

- Regular Monthly Installments of $ 1,037.18 (Principal & Interest)
  June 2008 through August 2008                                      $ 3,111.54
- Late Charges                                                          466.74
- Appraisals/BPO                                                        125.00
- Debtor Suspense                                                     -  830.72

                            TOTAL ARREARAGES                         $ 2,872.56


The current monthly payment amount is $ 1,037.18.
The Interest Rate is: 10.875%

Please forward all payments to Litton Loan Servicing, L.P., Bankruptcy Department, P. O. Box 4387, Houston, TX 77210-4387

Please forward all correspondence and court pleadings to McCALLA RAYMER, LLC, National Bankruptcy Department, 1544 Old Alabama Road, Roswell, Georgia 30076-2102, 770-643-7200. File No. LITT-08-21670, Property Address: 3935 Quadrel , Las Vegas, NV  89129.

If legal fees and costs are incurred after this proof of claim is filed, your account will be assessed those fees and costs if legally permissible in the opinion of the lender.  If such fees and costs are not paid as part of this case, they may be collected in the future pursuant to the terms of your security instrument, the Bankruptcy Code, and other applicable law.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA
LAS VEGAS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 08-18956-LBR |
| Shawn Snyder | ) CHAPTER 13 |
| Jenny Snyder | ) JUDGE Linda B. Riegle |
| | ) |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Proof of Claim, has been served by First Class Mail, postage pre-paid, upon the following parties in interest on the _____ day of September, 2008

Debtor's Attorney:

George Haines
1020 Garces Ave.
Ste 100
Las Vegas, NV  89101

Chapter 13 Trustee:

Rick A. Yarnall
701 Bridger Ave.
#820
Las Vegas, NV  89101

/s/ _____

Alice A. Blanco, Georgia Bar No. 062160
Karrollanne K. Cayce, Georgia Bar No. 428978
John D. Schlotter, Georgia Bar No. 629456
Michael J. McCormick, Georgia Bar No. 485749
A. Michelle Hart, Georgia Bar No. 334291
Matthew Dyer, Georgia Bar No. 236848
Richard H. Siegel, Georgia Bar No. 645825
Whitney Groff, Georgia Bar No. 738079
Maria Tsagaris, Georgia Bar No. 143071

File No. LITT-08-21670

THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

Assessor's Parcel Number:
138-09-501-013
After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.

9 6

MS˙ ˙˙ ˙˙ DOCUMENT PROCESSING
P
V.    008000237    SNYDER    S
P
J
K   -610  119852297   D2   001   003
H.

COUNTRYWIDE HOME LOANS, INC.

8075 S RIVER PARKWAY
TEMPE
AZ 85284

20051031-0008136

Fee: $25.00
N/C Fee: $0.00

10/31/2005          15:43:06
T20050198869
Requestor:
EQUITY TITLE OF NEVADA

Frances Deane          PUN
Clark County Recorder   Pgs: 9



————————[Space Above This Line For Recording Data]————————

[Escrow/Closing #]          [Loan #]

## DEED OF TRUST

THIS DEED OF TRUST is made this FOURTEENTH          day of OCTOBER, 2005        ,
among the Grantor,
SHAWN SNYDER, AND JENNY SNYDER, HUSBAND AND WIFE AS JOINT
TENANTS

(herein "Borrower"),
ReconTrust Company, N.A

225 West Hillcrest Dr., MSN TO-02
Thousand Oaks, CA 91360

**NEVADA** - SECOND MORTGAGE - 1/80 - **FNMA/FHLMC UNIFORM INSTRUMENT**

Form 3829
Amended 2/04
Initials:

VMP-76(NV) (0402)    CHL (02/04)(d)    Page 1 of 8
VMP Mortgage Solutions - (800)521-7291

*23991*              *1198522970000001076-*

(herein "Trustee"), and the Beneficiary,
COUNTRYWIDE HOME LOANS, INC.

A CORPORATION

organized and existing under the laws of NEW YORK , whose address is
4500 Park Granada
Calabasas, CA 91302-1613
(herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of   CLARK , State of Nevada:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

which has the address of     3935 QUNDREL, LAS VEGAS
[Street, City]

Nevada     89129     (herein "Property Address");
[ZIP Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

Initials: ___

VMP-76(NV) (0402)     CHL (02/04)     Page 2 of 8     Form 3829

# EXHIBIT "A"

That portion of the Northeast Quarter (NE ¼) of the Northeast Quarter (NE ¼) of Section 9, Township 20 South, Range 60 East, M.D.B.&M., described as follows:

Lot One (1) as shown by map thereof in File 67 of Parcel Maps, Page 2 in the Office of the County Recorder of Clark County, Nevada, and recorded November 6, 1990 in Book 901106 as Document No. 00579, Official Records.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated OCTOBER 14, 2005 and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ 110,000.00 , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on NOVEMBER 01, 2020 ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such a holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

Initials: _____

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declarations or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original

Initials: _____

Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower

as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender shall mail copies of such notice in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of: (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Initials: _____

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Waiver of Homestead.** Except to the extent prohibited by law, borrower waives all right of homestead exemption in the Property.

**23. Assumption Fee.** Lender may charge an assumption fee of U.S. $ 300.00

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ (Seal)
SHAWN SNYDER                                    -Borrower

_____ (Seal)
JENNY SNYDER                                    -Borrower

_____ (Seal)
                                                -Borrower

_____ (Seal)
                                                -Borrower

STATE OF NEVADA
COUNTY OF Clark

This instrument was acknowledged before me on  10/20/2005  by
Shawn Snyder and Jenny Snyder



Kristen Bertuccini
Comm. exp. 7/7/07

Mail Tax Statements To:
SHAWN SNYDER

10650 ROBIN HILL AVE
LAS VEGAS, NV 89129-3276

Initials: _JAS_

VMP-76(NV) (0402)  CHL (02/04)        Page 8 of 8                                Form 3829

 ORIGINAL 

Prepared by: JAIME MORALES

NOTE

## WITH BALLOON PAYMENT

OCTOBER 14, 2005          LAS VEGAS          NEVADA
*Date*                    *City*             *State*

3935 QUNDREL, LAS VEGAS, NV 89129
*Property Address*

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ 110,000.00      (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is
COUNTRYWIDE HOME LOANS, INC.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2. INTEREST
I will pay interest at a yearly rate of   10.875 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS
I will pay principal and interest by making payments each month of U.S. $ 1,037.18
I will make my payments on the   FIRST          day of each month beginning on DECEMBER 01, 2005   . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on NOVEMBER 01, 2020   , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at
P.O. Box 10219, Van Nuys, CA 91410-0219
or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED
**(A) Late Charge for Overdue Payments**
If the Note Holder has not received the full amount of any of my monthly payments by the end of FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.000 % of my overdue payment, but not less than U.S. $ NOT APPLICABLE  and not more than U.S. $ NOT APPLICABLE . I will pay this late charge only once on any late payment.
**(B) Notice From Note Holder**
If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.
**(C) Default**
If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
**(D) Payment of Note Holder's Costs and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 5. THIS NOTE SECURED BY A DEED OF TRUST
In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated OCTOBER 14, 2005   , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

### 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

### 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

### 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

### 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

THIS LOAN IS PAYABLE IN FULL AT MATURITY. SINCE YOU HAVE SELECTED A PAYMENT SCHEDULE WHICH WILL NOT PAY THE LOAN IN FULL BY THE MATURITY DATE, YOU WILL NEED TO PAY A LUMP SUM, OR BALLOON PAYMENT, WHICH WILL PAY OFF THE ENTIRE AMOUNT OF THE PRINCIPAL BALANCE OF THE LOAN AND ANY UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

Prepayment Penalty Rider attached hereto and made part hereof.

_____ (Seal)   _____ (Seal)
SHAWN SNYDER              -Borrower   JENNY SNYDER              -Borrower



Tax Parcel:

Recording requested by:
Countrywide Home Loans, Inc.

When recorded mail to:
First American Title Lenders Advantage
Loss Mitigation Title Services - LMTS
1100 Superior Ave, Ste 200
Cleveland, OH 44114
Order: 3365488 Ln: 15882186
Attn: National Recordings 1120

Mail tax statement to:
SHAWN SNYDER
3935 QUNDREL
LAS VEGAS, NV 89129

**2006-SL1**

20070305-0001268

Fee: $15.00
N/C Fee: $25.00

03/05/2007         09:08:47
T20070037529
Requestor:
FIRST AMERICAN LENDERS ADVANTAGE

Debbie Conway          DGI
Clark County Recorder  Pgs: 2

---

CORPORATION ASSIGNMENT OF DEED OF TRUST   1148431S
                                          Doc. ID# 01198522972005N
                                          Commitment#

For value received, the undersigned, Countrywide Home Loans, Inc., 1800 Tapo Canyon Road, Simi Valley, CA 93063, hereby grants, assigns and transfers to:
      US Bank National Association, as Trustee ⚹    60 Livingston Avenue, St. Paul, MN 55107-2292

All beneficial interest under that certain Deed of Trust dated 10/18/05, executed by: SHAWN SNYDER & JENNY SNYDER, Trustor as per TRUST DEED recorded as Instrument No. 20051031-0008136 on 10/31/05 in Book          Page
     of official records in the County Recorder's Office of CLARK County, NEVADA.
   Original Mortgage $110,000.00
3935 QUNDREL, LAS VEGAS, NV 89129
  A@ Trustee: Recon Trust Company, N.A.
Together with the Note or Notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: 01/30/2007       Countrywide Home Loans, Inc.

                        By_____
                          Oshin Saghari, Collateral Processing Officer

State of California
County of Ventura

On 01/30/2007 before me, C. Rodriguez , personally appeared Oshin Saghari, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their duly authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the persons acted, executed the instrument. Witness my hand and official seal.

Signature: _____
           C. Rodriguez

Prepared by: Oshin Saghari
1800 Tapo Canyon Rd.
Simi Valley, CA 93063
Phone#: (805) 577-5313

[Notary Seal: C. RODRIGUEZ, Commission # 1660271, Notary Public — California, Ventura County, My Comm. Expires Apr 23, 2010]

## EXHIBIT "A"

That portion of the Northeast Quarter (NE ¼) of the Northeast Quarter (NE ¼) of Section 9, Township 20 South, Range 60 East, M.D.B.&M., described as follows:

Lot One (1) as shown by map thereof in File 67 of Parcel Maps, Page 2 in the Office of the County Recorder of Clark County, Nevada, and recorded November 6, 1990 in Book 901106 as Document No. 00579, Official Records.



US Bank National Association, as trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-SL1, without recourse