George Haines, Esq.  E-FILED: October 12, 2009
Nevada Bar No. 9411
David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
1020 Garces Ave.
Las Vegas, NV 89101
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@hainesandkrieger.com
Attorney for Shawn Snyder and Jenny Snyder

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>**Shawn Snyder and Jenny Snyder**,<br><br>Debtor(s). | Case No. BKS-08-18956-LBR<br>Chapter 13<br><br>Hearing Date: November 12, 2009<br>Hearing Time: 2:30 P.M. |

### OBJECTION TO HSBC BANK NEVADA AND ITS ASSIGNS BY ECAST SETTLEMENT CORPORATION, AS ITS AGENT'S PROOF OF CLAIM NO. 15-1

TO CREDITOR:    HSBC BANK NEVADA AND ITS ASSIGNS BY ECAST
                SETTLEMENT CORPORATION, AS ITS AGENT
                ATTN: THOMAS A. LEE III (Authorized Agent)
                ECAST SETTLEMENT CORPORATION
                P.O. BOX 35480
                NEWARK, NEW JERSEY  07193-5480

                Regarding Claim No. 15-1, Filed November 14, 2008
                Total Claim Amount: $5,031.21

The above-named Debtors, by and through attorney David Krieger, Esq., of

HAINES & KRIEGER, LLC, hereby object to the claim filed by Creditor, HSBC BANK

NEVADA AND ITS ASSIGNS BY ECAST SETTLEMENT CORPORATION, AS ITS

AGENT, hereinabove identified on the grounds indicated as follows:

- 1 -

Creditor's claim is based upon a writing. The documents, if any, attached to HSBC BANK NEVADA AND ITS ASSIGNS BY ECAST SETTLEMENT CORPORATION, AS ITS AGENT's proof of claim do not satisfy the mandatory requirements of FRBP 3001(c). Creditor's claim lacks prima facie validity.

The claim is not supported by any written evidence of an enforceable agreement or a contract that establishes the debt between the Debtors and creditor or between Debtors and an alleged predecessor in interest.

Further, the attachment to the proof of claim does not qualify as an "account summary" and is not sufficient to establish the prima facie validity of the proof of claim.

The claim is also without any evidentiary value and is unenforceable against the Debtors and the Debtors' property under any agreement or applicable law pursuant to 11 USC §502(b)(1).

Accordingly, this claim is disputed by the Debtors and should not be paid pro-rata with other General Unsecured claims.  See *In re Thibodeaux*, Case No. 04-21029 (Bankr.D.NV October 23, 2007).

This situation should be distinguished from circumstances where a Debtors object to a creditor's proof of claim solely because it does not conform to Rule 3001(c).  *E.g. Campbell v. Capital One Bank*, 336 B.R. 430 (9th Cir. BAP 2005) and *In re Heath,* 331 B.R. 424 (9th Cir. BAP 2005) (where the Debtors filed objections relying solely on alleged lack of prima facie validity of the proofs of claim filed with deficient documentation).  To the contrary, in the instant matter Debtors:

    1.    dispute the objected to claim on the filed Bankruptcy schedules;

      2.      object to charges, interest and fees which are believed included as part of this creditor's claim; and

      3.      dispute that creditor could maintain a valid basis under state law to enforce the presently disputed obligation.

Debtors have significant support for this objection. The Court in *In re Tran*, 2007 WL 1470900 (S.D.Tex.2007) held that proofs of claim filed by creditors seeking to recover amounts owing on credit card accounts that were based on written a contract under state law had to be accompanied either by writings on which they were based or by explanation for why writings could not be provided in order to enjoy prima facie validity under Bankruptcy Rule.

The *Tran* Court further found that boilerplate language included in proofs of claim to recover amounts allegedly owing on Chapter 13 Debtors' credit card accounts (to effect that account summaries were provided in lieu of attaching voluminous account documents on which proofs of claim were based) satisfied neither of the alternate requirements imposed by Bankruptcy Rule on proofs of claim that are based on writing, i.e., that writing be attached or that claimant provide "sufficient description of the circumstances of the loss or destruction of the writing," and thus did not enjoy prima facie validity under Bankruptcy Rule.

Accordingly, in *Tran* Chapter 13 Debtors have no evidentiary burden to overcome in objecting to proofs of claim which were not filed in accordance with Bankruptcy Rule, and which did not enjoy any presumptive validity. Rather, simply by objecting to proofs of claim, Debtors shifted to claimant the burden of proving the underlying validity of its claims. *See also In re Armstrong,* 320 B.R. 97, 106 (Bankr.N.D.Tex.2005); *In re*

*Rochester,* 2005 WL 3670877 (Bankr.N.D.Tex.2005) (holding that for a claim based upon a writing, the underlying account documents and the assignment or transfer document are needed to comply with Rule 3001(c)).

Further, in *In re Kendall*, 380 B.R. 37 (Bkrtcy.N.D.Okla. 2007) the Court found that an alleged assignee of a credit card debt, by failing to attach to its proof of claim either a copy of credit card agreement or a statement itemizing alleged debt into principal, interest or other charges, did not execute and file its proof of claim in accordance with requirements of Bankruptcy Rules. Hence, Creditor's claim was barred. See also *In re Burkett,* 329 B.R. 820, 829 (Bkrtcy.S.D.Ohio,2005) (finding that "if a proof of claim lacking proper attachments does not correlate to a debt scheduled by the Debtors, or aspects of the claim differ from the scheduled debt, this may give rise to a valid objection by the Debtors ... for lack of verification of ownership and/or the amount of the claim ... [and a] failure to respond to the objection could lead to disallowance of the claim and, even if the creditor does respond, the creditor will carry the burden of going forward as well as the ultimate burden of proof to establish its claim at the hearing on the substantive objection.").

Further, in the instant matter Debtors are not simply arguing that Creditor introduce mere evidence of consideration exchanged for claim (as was the case in the narrow holding of *Resurgent Capital Serv. v. Burnett (In re Burnett),* 306 B.R. 313 (9th Cir. BAP 2004), *aff'd* 435 F.3d 971 (9th Cir.2006)). Here the Debtors argue that Creditor proffers no evidence it holds a valid claim at all.

Under state law, to prevail in collecting a debt based upon a breach of contract, the claimant must establish the formation of an agreement, establish a breach or default

under the agreement, and quantify the damages.  In the absence of a Rule 3001(f) presumption, the burden of proving these elements is on the claimant; until the claimant has established its *prima facie* case with admissible evidence, the Debtors are not required to disprove the validity or amount of the debt. *In re Tran* at 318; *In re Long,* 353 B.R. 1, 14 (Bankr.D.Mass.2006) (in absence of the presumption, the Debtors "bears no initial burden of rebuttal, and the burden of proof rests from the start on [the claimant]"); see also *In re White*, 2008 WL 269897 (Bkrtcy.N.D.Tex. 2008).

WHEREFORE, the Debtors object to Claim No. 15-1, filed by HSBC BANK NEVADA AND ITS ASSIGNS BY ECAST SETTLEMENT CORPORATION, AS ITS AGENT and request that Your Honor:

1. Strike HSBC BANK NEVADA AND ITS ASSIGNS BY ECAST SETTLEMENT CORPORATION, AS ITS AGENT's Claim No. 15-1, bar this claim from being asserted against the Debtors, and direct the Chapter 13 trustee not to disburse any funds to this claim through the Debtors' Chapter 13.
2. Grant such other and further relief as Your Honor deems necessary.

Dated: October 12, 2009

/s/David Krieger, Esq.
David Krieger, Esq.
Attorney for Debtor(s)